OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by vacating the award in favor of plaintiff against defendant Games Management Services and ordering a new trial as to said defendant; as so modified, affirmed, without costs.
The rules and regulations governing the Keno game (see. 21 NYCRR 2819.1 et seq.), which were duly promulgated *165 pursuant to section 1604 of the Tax Law, relieve the State of New York from any liability for a ticket not recorded on microfilm regardless of the reason therefor, including a processing failure by the contractor (appellant Games Management Services) or negligence on the part of the sales agent (21 NYCRR 2819.16). The rules and regulations further relieve the contractor from liability to a player for negligence on the part of a sales agent (21 NYCRR 2819.13 [d]). However, we find nothing in the rules and regulations absolving the contractor, Games Management Services, from liability for its own acts of negligence.
It is clear from the rules and regulations that the Keno ticket, which was never recorded on microfilm, cannot be considered a valid entry and no prize money may be awarded to plaintiff based upon such ticket (see 21 NYCRR 2819.2 [a]; 2819.7 [d]; 2819.11 [a] [4], [b], [c]). However, as previously noted, a recovery against Games Management Services may be predicated upon its own acts of negligence resulting in the failure to have the ticket properly entered in the weekly drawing. Inasmuch as the court below awarded judgment against appellant Games Management Services as well as against the sales agent, defendant Harvey Katz Newsstand, it cannot be determined whether the sales agent was negligent and never delivered the ticket to Games Management Services or whether such delivery took place and the negligence was that of Games Management Services. In this regard, we note that the mere validation of a ticket by a sales agent does not constitute proof of receipt of the ticket by Games Management Services (see 21 NYCRR 2819.13 [e]). Under the circumstances, a new trial is required as against defendant Games Management Services. The judgment against defendant Harvey Katz Newsstand may not be disturbed since such defendant has not perfected its appeal.
In arriving at our determination we are not unmindful of the case of Fujishima v Games Mgt. Servs. (110 Misc 2d 970). That case, however, involved a lotto ticket on which was printed a disclaimer of the contractor’s liability for its own acts of negligence. We need not pass upon the validity *166 of such disclaimer since none was printed on the Keno ticket involved herein.
Pino, P. J., Buschmann and Jones, JJ., concur.